☐ True  ☒ False   (2)   an "employee pension benefit plan" as described in Section 3(2) of ERISA that is subject to Title I of ERISA, or a trust described in Code Section 401(a), or a plan described in Code Section 403(a)[6]; or

☐ True  ☒ False   (3)   an individual retirement account as described in Code Section 408(a); or

☐ True  ☒ False   (4)   an individual retirement annuity as described in Code Section 408(b); or

☐ True  ☒ False   (5)   a governmental plan as described in Code Section 414(d) (i.e., a plan established and maintained for its employees by the government of the United States, any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing); or

☐ True  ☒ False   (6)   a church plan as described in Code Section 414(e) with respect to which the election provided by Code Section 410(d) has not been made (i.e., a church plan that has not elected to be covered by ERISA's participation and funding rules); or

☐ True  ☒ False   (7)   a foreign plan as described in Section 4(b)(4) (i.e., a plan maintained outside the United States, the participants of which are all (or substantially all) non-resident aliens with no United States-source income); or

☐ True  ☒ False   (8)   an entity which itself is not a plan or trust described in any of the above items H(1) through H(7), but whose assets are considered assets of a plan pursuant to 29 CFR 2510.3-101, et seq., or pursuant to the principles set forth in *John Hancock Mutual Life Insurance Company v. Harris Trust & Savings Bank* (114 S. Ct. 517 (1993)), or otherwise (i.e., an entity whose assets are (i) "plan assets" under the Department of Labor regulations or (ii) assets of an insurance company held in a general account that were not obtained solely through the issuance of a contract or policy providing guaranteed benefits); or

☐ True  ☒ False   (9)   an entity, plan, fund or program other than the one described in H(1) through H(8), above. Please describe.

_____
_____
_____

*Signature page to follow*

---

*   An "employee pension benefit plan" is any plan, fund or program established or maintained by an employer that provides retirement income to employees, or results in the deferral of income by employees to the date the employees' employment terminates or later. Pension plans, profit sharing plans or employee stock ownership plans should mark "True." Government plans described in Code Section 414(d) election, are exempt from Title I of ERISA and should mark "False."

THE UNDERSIGNED AGREES TO NOTIFY THE FUND IMMEDIATELY IF ANY OF ITS
RESPONSES ABOVE BECOMES INACCURATE AT ANY TIME, INCLUDING ANY TIME
FOLLOWING THE CLOSING.

IF THE UNDERSIGNED IS UNCERTAIN AS TO THE CORRECT RESPONSE ABOVE, THE
UNDERSIGNED SHOULD CONSULT WITH ITS LEGAL COUNSEL IN COMPLETING ITS
RESPONSE ABOVE OR SHOULD CONTACT THE INVESTMENT MANAGER.

Executed on: MARCH 31ˢᵀ _____, 2006

BRADFIELD Overseas Holdings LTD
_____
Print Name of Investor

By: _____
        Signature

VILJA NIKULINA   DIRECTOR
_____
Print Name of Signatory and Title (if applicable)

28

<u>ANNEX A</u>

### Highland Credit Strategies Fund, Ltd.
### Privacy Notice

To our individual investors:

We are now required by law to inform our individual investors of our policies regarding privacy of information regarding our investors.  For us, protecting the privacy of your information is nothing new.  We have in the past and will continue in the future to protect your right to privacy.  As a general rule, we do not disclose nonpublic personal information about our investors or former investors to anyone that is not affiliated with us without the investor's consent.

Types of "Nonpublic Personal Information" We Collect

In the course of our investment activities on your behalf, we may collect nonpublic personal information from you, such as your name and social security number, from documents that you may deliver to us or from our discussions with you.

<u>Parties to Whom We Disclose Information</u>

As stated previously, we generally do not disclose any nonpublic personal information about our current or former investors that we obtain during the course of our relationship to unaffiliated third parties, except as permitted by law.  However, in order to conduct investment activities on your behalf, in limited situations we may need to disclose this nonpublic personal information to unrelated third parties (for example, auditors, the Internal Revenue Service or other governmental entities).  Also, in some situations, we may need to disclose or share nonpublic personal information with an affiliated third party, such as our investment manager or an affiliated partnership, in order to conduct investment activities on your behalf.  *Your authorization of us to conduct investment activities on your behalf and your continuing relationship with us acts as your consent to our disclosure of your nonpublic personal information when such disclosure is necessary to conduct such activities.*

In addition, we restrict access to nonpublic personal information to the employees of our general partner who need to know the information.  Your nonpublic personal information may also be shared with our attorneys, accountants, and auditors.  In all such situations, we take steps necessary to ensure that the confidential nature of the information being shared is maintained.

<u>Protecting the Confidentiality and Security of Current and Former Investors' Information</u>

In order to protect your information, we also maintain physical, electronic, and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

*****************************

If you have any questions about our disclosure policies, please contact the Administrator at (441) 278-7100 because your privacy and the confidentiality of your information are very important to us.

ANNEX B

Anti Money Laundering

IMPORTANT NOTICE:

Subscription Applications will not be accepted unless the relevant Anti-Money Laundering Client Identification Form (A, B, C, D, E, F or G below) is completed in all respects, *and* the advice letter in the form set out in Appendix I is submitted to satisfactorily establish source of funds.

ANTI MONEY LAUNDERING CHECKLIST

(One of the boxes 1. to 7. and box 8. below must be answered 'Yes' by the Subscriber)

| | | | |
|---|---|---|---|
| 1. | If the subscriber is a Designated Body investing on its own account, has the Form (A) Declaration been provided on headed paper? | Yes | No |
| 2. | If the subscriber is a Designated Body investing as a nominee has Form (B) Declaration been provided on headed paper? | Yes | No |
| 3. | If the subscriber is an Individual, has Form (C) been completed in all respects and all required documentation submitted? | Yes | No |
| 4. | If the subscriber is a Corporation, has Form (D) been completed in all respects and all required documentation submitted? | Yes ✓ | No |
| 5. | If the subscriber is a Trust, has Form (E) been completed in all respects and all required documentation submitted? | Yes | No |
| 6. | If the subscriber is a Partnership, has Form (F) been completed in all respects and all required documentation submitted? | Yes | No |
| 7. | If the subscriber is a Collective Investment Scheme, has Form (G) been completed in all respects and all required documentation submitted? | Yes | No |
| 8. | Has your remitting financial institution provided the letter required at Appendix I to JPMorgan Tranaut Fund Administration (Ireland) Limited? | Yes ✓ | No |

FORM A

| DESIGNATED BODIES DECLARATION | |
|---|---|
| WHERE THE SUBSCRIBER IS A DESIGNATED BODY INVESTING ON ITS OWN ACCOUNT | MUST BE ON HEADED PAPER OF THE DESIGNATED BODY |

To: JPMorgan Tranaut Fund Administration (Ireland) Limited
Tranaut House
Marina Village
Malahide
Co. Dublin
Ireland

          Re Subscription into [      ] *(name of fund)* for value date; [     ] *(effective subscription date)*

Dear Sirs

I/We declare

(i) that I am/we are licensed as _____

(description) by the _____ (regulatory body and

address) under the laws of _____ (country) and that our registered office

is located at _____

(ii) that I am/we are subject to regulation in _____ (country) the purpose of which is to

combat and prevent money laundering

(iii) that the subscription is made in my/our name our own behalf.

     Yours truly

     _____
     Authorised Signatory

3

FORM B

| DESIGNATED BODIES DECLARATION | |
|---|---|
| WHERE THE SUBSCRIBER IS A DESIGNATED BODY INVESTING AS A NOMINEE FOR THE BENEFIT OF AN UNDERLYING BENEFICIAL OWNER | MUST BE ON HEADED PAPER OF THE DESIGNATED BODY |

To: JPMorgan Tranaut Fund Administration (Ireland) Limited
Tranaut House
Marina Village
Malahide
Co. Dublin
Ireland

Re Subscription into  [              ] *(name of fund)* for value date; [              ] *(effective subscription date)*

Dear Sirs

I/We declare

(i)  that  I  am/we  are  licensed  as  _____

(description) by the _____ (regulatory body and

address) under the laws of _____ (country) and that our registered office

is located at _____

(ii) we are subject to regulation in _____ (country) the purpose of which is to combat and

prevent money laundering

(iii) that the subscription *is* made in my/our name on behalf of my/our clients whom I/we have properly

identified in accordance with the relevant money laundering regulations,

(iv) that we will retain evidence of the verification process of my/our clients for at least 5 years after

my/our clients have redeemed its/their holding in the Fund and

4

(v) that we will make available such evidence of verification of identity to the Fund, the Administrator or as may be required by any law enforcement or regulatory authority.

(vi) that we have to the best of our knowledge and ability, confirmed that none of the persons for whom we are acting as nominee is named on the lists of prohibited countries, territories, entities and individuals maintained by the US Treasury Department's Office of Foreign Assets Control and the Commission of the European Union.

Yours truly

Authorised Signatory

FORM C

| WHERE THE SUBSCRIBER IS AN INDIVIDUAL |
| --- |

FOR INDIVIDUALS ONLY: Evidence of the Subscriber's Identity must be established Please complete section C1 and provide the documents required at either C2 or C3 below

C1

I/We declare that I am a/we are private investor/s who is/are making the subscription on my/our own behalf and not, in any way, as representative/s of any other party.

Please complete the following:

| Subscriber 1 | Subscriber 2 |
| --- | --- |
| Name: | Name: |
| Address: | Address: |
| | |
| Occupation: | Occupation: |
| Date of Birth: | Date of Birth: |
| Place of Birth: | Place of Birth: |
| Nationality: | Nationality: |
| Passport Number: | Passport Number: |
| Signature: | Signature: |
| | |
| Subscriber 3 | Subscriber 4 |
| Name: | Name: |
| Address: | Address: |
| | |
| Occupation: | Occupation: |
| Date of Birth: | Date of Birth: |
| Place of Birth: | Place of Birth: |
| Nationality: | Nationality: |
| Passport Number: | Passport Number: |
| Signature: | Signature: |

MAILING ADDRESS (Please complete exact address)

Name _____

Street and No.: _____

City: _____

Postal Code: _____

Country: _____

Mark X if you wish your mail to be held. ☐

C2

| FORMAT OF LETTER OF INTRODUCTION FROM DESIGNATED BODY | |
|---|---|
| WHERE THE SUBSCRIBER IS AN INDIVIDUAL INTRODUCED TO THE ADMINISTRATOR BY A DESIGNATED BODY | MUST BE ON HEADED PAPER OF THE DESIGNATED BODY |

To: JPMorgan Tranaut Fund Administration (Ireland) Limited
Tranaut House
Marina Village
Malahide
Co. Dublin
Ireland

Re Subscription into  [            ] *(name of fund)* for value date; [            ] *(effective subscription date)*

Dear Sirs

I/We declare

(i) that I am/we are licensed as _____

(description) by the _____ (regulatory body and

address) under the laws of _____ (country) and that our registered office

is located at _____

(ii) we are subject to regulation in _____ (country) the purpose of which is to combat and

prevent money laundering

(iii) that we have identified _____ (subscriber) and the subscriber's full name(s)
and address(s) is/are:

_____

7

(iv) that we will retain evidence of the verification process of the subscriber for at least 5 years after

termination of the subscriber's relationship with us and

(v) that we will make available such evidence of identity to the Fund, the Administrator or as may be

required by any law enforcement or regulatory authority.

Yours truly

Authorised Signatory

C3

DOCUMENTS REQUIRED AS EVIDENCE OF IDENTITY OF INDIVIDUAL(S)

8

1.       A certified* copy of their signed identification papers e.g. passport[6], and
2.       Two original (or certified* copy) bank statements or utility bills showing the
         Subscriber's address7

[6] Copy should include a clear photo, passport number, country of issuance, signature, issue date and expiry date.

* Documents should be certified as a true copy by a police officer, notary public, lawyer, banker or accountant

9

FORM D

| WHERE THE SUBSCRIBER IS A CORPORATION |
| --- |

This section must be completed and the required documents provided by every corporation subscribing for shares in the fund. The Subscriber must complete and satisfy either D1, D2 or D3

Is the subscriber a company which is listed on, or wholly owned by a company which is listed on a recognised stock exchange?

Yes ☐          No ☒

If yes please provide evidence of listing and confirm the name and address of the listed entity. If no please proceed to D2 or D3 below.

Name _____

Address _____

_____

_____

_____

Where the Subscriber is a private corporation
(1) complete the declaration below and
(2) provide the documents requested.

DECLARATION:

I/We, Directors of the above named subscriber, hereby declare that the subscriber is a Corporation which is not licensed under the laws of any country as a financial intermediary, but registered on the _____ (date) in _____ (country) as a corporation, with the power to make this subscription. I/We further declare that the subscription is being made only on behalf of the corporation and that the following persons are all of the Directors of the Corporation:

(1)     Name _____

Residential Address _____

Business Address _____

10

Occupation _____

Date of Birth _____


(2)    Name _____

Residential Address _____

Business Address _____

Occupation _____

Date of Birth _____


(3)    Name _____

Residential Address _____

Business Address _____

Occupation _____

Date of Birth _____

Details of further directors should be listed on a separate sheet

We declare further that the Subscriber does not issue bearer shares and will not for the duration of its investment in the fund issue bearer shares.

I/We further agree to notify the Administrator of the Fund of any changes in Directors or our policy regarding bearer shares arising whilst the Subscriber maintains an investment in the fund.


Signed: _____ Director

_____ *(print name)*

Date: _____


IMPORTANT: All of the following documentation is also required:

☐    Certified copy of Certificate of Incorporation

☐    Certified copy of Certificate of Good Standing from Registrar of Companies

11

☐　　Certified copy of Memorandum and Articles of Association, or equivalent

☐　　Certified list of authorised signatories for the Fund

☐　　Documents listed at C3 above for each director of the Fund

☐　　Documents listed at C3 above for each person authorised to give instruction in respect of the investment

☐　　Copy of a list of names and addresses, occupations and dates of birth of shareholders who hold 10% or more of the issued share capital of the corporate subscriber.

12



# CHEESWRIGHT
NOTARIES PUBLIC

N P Rea
R M Cai
J B Burg
E Gardi
A J Clau
I A Roge

TO ALL TO WHOM THESE PRESENTS SHALL COME, I
**JEREMY BROOKER BURGESS** of the City of London **NOTARY PUBLIC** by
royal authority duly admitted and sworn DO HEREBY CERTIFY the
genuineness of the signature of **ANDRE DE CORT** subscribed to the
certificate appearing on the copy document hereunto annexed,
such signature being in the own, true and proper handwriting of the
said Andre De Cort, an attorney at law duly qualified in the State of
New York, the United States of America.

IN FAITH AND TESTIMONY WHEREOF I the said notary have
subscribed my name and set and affixed my seal of office at
London aforesaid this eighth day of February in the year two
thousand and six.




E-mail : notary@cheeswrights.co.uk      www.cheeswrights.co.uk
10 Philpot Lane London EC3M 8BR      Canary Wharf Office
Tel : 020 7623 9477      Tel : 020 7712 1565
Fax : 020 7623 5428
DX 627 / London City EC3






Certified copy

Andre De Cort
Attorney at Law NY
6 2 2006

beglaubigte **Kopie**



```
P<AUTDJABIDZE<<GOTCHA<<<<<<<<<<<<<<<<<<<<<<<
E0446036<7AUT6501266M0905091<<<<<<<<<<<<<<0
```

Diese Kopie stimmt mit den hier wiedergegebenen Seiten des mir im Original vorliegenden österreichischen Reisepasses Nummer E 0446036 5 des Herrn Gotcha  D j a b i d z e  vollkommen überein. --------------------------------------------------------------

W i e n , am 28.12.2004 (achtundzwanzigsten Dezember zweitausendvier)--------------------

Dr. Alexander Michalek

Dr. Nikolaus Michalek
Wien-Josefstadt



**KATHREIN & CO.**
Private Business Bank Vienna

To whom it may concern

Vienna, 11th January, 2006

## Confirmation

This is to confirm that

**Mr. Gotcha Djabidze**, born at 26.01.1965, whose address is at

**Josefstädter Straße 43-45/II/37**
**1080 Wien**
**Austria**

has maintained a good standing business relationship with our bank for several years and has proved to be a competent and reliable business partner.

Yours faithfully,

Claudio Cantele                    Claudia Berthold

KATHREIN & Co.
Privatgeschäftsbank Aktiengesellschaft

Kathrein & Co. Privatgeschäftsbank Aktiengesellschaft
A-1013 Vienna · Wipplingerstrasse 25 · P.O. Box 174
Telephone: +43 1/534 51-0 · Telefax: ext. 584
Internet: www.kathrein.at · e-mail: privatgeschaeftsbank.ag@kathrein.at

Handelsgericht Wien · Firmenbuch-Nr. FN 144808v



# KATHREIN & CO.
Private Business Bank Vienna

To whom it may concern

Vienna, 11ᵗʰ January, 2006

## Confirmation

This is to confirm that

**Mrs. Vilia Nikulina**

**Shopeno 3-22**
**2000 Vilnius**
**Lithuania**

has maintained a good standing business relationship with our bank for several years and has proved to be a competent and reliable client.

Yours faithfully,

Claudio Cantele                    Claudia Berthold

KATHREIN & Co.
Privatgeschäftsbank Aktiengesellschaft

Kathrein & Co. Privatgeschäftsbank Aktiengesellschaft
A-1013 Vienna · Wipplingerstrasse 25 · P.O. Box 174
Telephone: +43 1/534 51-0 · Telefax: ext. 384
Internet: www.kathrein.at · e-mail: privatgeschaeftsbank.ag@kathrein.at

Handelsgericht Wien · Firmenbuch-Nr. FN 144636y

REF:   BRADFIELD OVERSEAS HOLDINGS LTD.

Certificate of Good Standing

## APOSTILLE

(Convention de La Haye du 5 octobre 1961)

1.     Country          :          TORTOLA,  BRITISH VIRGIN ISLANDS

This public document

2.     Has been signed by JULIETTE PENN

3.     Acting in the capacity of Notary Public (Commissioned for Life)

4.     Bears the Seal/Stamp of JULIETTE PENN

## CERTIFIED

5.     At:     Road Town, Tortola, British Virgin Islands

6.     The    27ᵗʰ March, 2006

7.     BY:    "REGISTRAR-GENERAL"

8.     No.    RG- 00857.06

9.     Seal/stamp



10.    Signature    ..............................................

VIRGIN ISLANDS

TORTOLA

I, JULIETTE PENN, Notary Public duly admitted and sworn in the British Virgin Islands, herewith

certify and confirm that the person whose name appears as signatory on the attached Certificate

of Good Standing of **BRADFIELD OVERSEAS HOLDINGS LTD.**, is the Assistant Registrar of

Corporate Affairs, Selese Forbes-Fahie.

Dated this 24 March, 2006

JULIETTE PENN, Notary Public

My Commission is for Life





TERRITORY OF THE BRITISH VIRGIN ISLANDS

THE INTERNATIONAL BUSINESS COMPANIES ACT
(CAP. 291)

CERTIFICATE OF GOOD STANDING    (Section 114)

No. 552430

BRADFIELD OVERSEAS HOLDINGS LTD.

The Registrar of Corporate Affairs of the British Virgin Islands
HEREBY CERTIFIES that:

1. The above company was duly incorporated under the provisions of the International Business Companies Act, (Cap. 291) on the 15th day of July, 2003 as Company No. 552430 of the register of International Business Companies.

2. The name of the Company is still on the register of International Business Companies and the company has paid all fees, licence fees, and penalties due and payable under the provisions of sections 104 and 105 of the said Act.

3. The company has not submitted to me Articles of merger or consolidation that have not yet become effective.

4. The company has not submitted to me Articles of arrangement that have not yet become effective.

5. The company is not in the process of being wound up and dissolved.

6. No proceedings have been instituted to strike the name of the company off the said register.

7. In so far as is evidenced by the documents filed with me the company is in good legal standing.



Given under my hand and seal
at Road Town, Tortola in the
Territory of the British Virgin Islands
this 20th day of March, 2006

REGISTRAR OF CORPORATE AFFAIRS

CRTI004B





No:   552430

British Virgin Islands

The International Business Companies Act

(Cap. 291)

Memorandum of Association

Articles of Association

of

## BRADFIELD OVERSEAS HOLDINGS LTD.

Incorporated the 15th day of July, 2003

### Caribbean Corporate Services Limited

3rd Floor, Omar Hodge Building
Wickhams Cay I
PO Box 362
Road Town, Tortola
British Virgin Islands

Deloitte & Touche Limited

COSTAS GEORGHADIS



TERRITORY OF THE BRITISH VIRGIN ISLANDS

THE INTERNATIONAL BUSINESS COMPANIES ACT
(Cap. 291)

MEMORANDUM OF ASSOCIATION

OF

BRADFIELD OVERSEAS HOLDINGS LTD.

1.    The name of the Company is Bradfield Overseas Holdings Ltd.

2.    The Registered Office of the Company will be situated at the offices of Caribbean Corporate Services Limited, 3rd Floor, Omar Hodge Building, Wickhams Cay I, P.O. Box 362, Road Town, Tortola, British Virgin Islands, or at such other office within the British Virgin Islands as the Company may from time to time by a resolution of directors determine.

3.    The Registered Agent of the Company will be Caribbean Corporate Services Limited, 3rd Floor, Omar Hodge Building, Wickhams Cay I, P.O. Box 362, Road Town, Tortola, British Virgin Islands, or such other qualified person in the British Virgin Islands as the Company may from time to time by a resolution of directors determine.

4.    The objects of the Company are to engage in any acts or activities that are not prohibited under any law for the time being in force in the British Virgin Islands.

5.    The Company may not:

      (a)    carry on business with persons resident in the British Virgin Islands;

      (b)    own an interest in real property situate in the British Virgin Islands, other than a lease of property for use as an office from which to communicate with members or where books and records of the Company are prepared or maintained;

      (c)    carry on banking or trust business, unless it is licensed to do so under the Banks and Trust Companies Act, 1990;

      (d)    carry on business as an insurance or a reinsurance company, insurance agent or insurance broker, unless it is licensed under an enactment authorizing it to carry on that business;

      (e)    carry on the business of company management unless it is licensed under the Company Management Act, 1990; or

      (f)    carry on the business of providing the Registered Office or the Registered Agent for companies incorporated in the British Virgin Islands.

6.    The company shall not be treated as carrying on business with persons resident in the British Virgin Islands by reason only that:

      (a)    it makes or maintains deposits with a person carrying on banking business within the British Virgin Islands;

(b)     it makes or maintains professional contact with solicitors, barristers, accountants, bookkeepers, trust companies, administration companies, investment advisers or other similar persons carrying on business within the British Virgin Islands;

(c)     it prepares or maintains books and records within the British Virgin Islands;

(d)     it holds, within the British Virgin Islands, meetings of its directors or members;

(e)     it holds a lease of property for use as an office from which to communicate with members or where books and records of the Company are prepared or maintained;

(f)     it holds shares, debt obligations or other securities in a company incorporated under this Act or under the Companies Act; or

(g)     shares, debt obligations or other securities in the Company are owned by any person resident in the British Virgin Islands or by any company incorporated under the Act or under the Companies Act.

7.     Shares in the Company shall be issued in the currency of the United States of America.

8.     The authorized share capital of the Company is US$50,000.00 divided into 50,000 ordinary shares of US$1.00 each par value, with one vote for each share.

9.     The directors of the Company are authorized to fix by resolution the designations, powers, preferences, rights, qualifications, limitations, and restrictions of each class and series of shares that the Company is authorized to issue.

10.    All of the Company's authorized shares are to be issued as registered shares.

11.    The Company may amend its Memorandum of Association and Articles of Association by a resolution of members or by a resolution of directors.

12.    The meanings of words in this Memorandum of Association are as defined in the Articles of Association annexed hereto.

We, Caribbean Corporate Services Limited, of Road Town, Tortola, British Virgin Islands, for the purposes of incorporating an International Business Company under the laws of the British Virgin Islands hereby subscribe our name to this Memorandum on this 15th day of July, 2003 in the presence of

Sheila Scatliffe
Witness
c/o P.O. Box 362
Road Town, Tortola
British Virgin Islands

Julie Scatliffe
for Caribbean Corporate Services Limited
Subscriber

2

REF:   BRADFIELD OVERSEAS HOLDINGS LTD.
       Certificate of Incorporation


## APOSTILLE

(Convention de La Haye du 5 octobre 1961)


1.  -  Country          :        TORTOLA,  BRITISH VIRGIN ISLANDS

       This public document

2.     Has been signed by JULIETTE PENN

3.     Acting in the capacity of Notary Public (Commissioned for Life)

4.     Bears the Seal/Stamp of JULIETTE PENN


## CERTIFIED

5.     At:     Road Town, Tortola, British Virgin Islands

6.     The    *27th March, 2006*

7.     BY:    "REGISTRAR-GENERAL"

8.     No.    *RG-00891.06*

9.     Seal/stamp



10.    Signature

VIRGIN ISLANDS

TORTOLA

I, JULIETTE PENN, Notary Public duly admitted and sworn in the British Virgin Islands, herewith
certify and confirm that the person whose name appears as signatory on the attached Certificate
of Incorporation of **BRADFIELD OVERSEAS HOLDINGS LTD.**, is the Assistant Registrar of
Corporate Affairs, Selese Forbes-Fahie.

Dated this 24 March, 2006

JULIETTE PENN, Notary Public

My Commission is for Life



BRITISH VIRGIN ISLANDS



TERRITORY OF THE BRITISH VIRGIN ISLANDS

THE INTERNATIONAL BUSINESS COMPANIES ACT

CERTIFICATE OF INCORPORATION   (SECTIONS 14 AND 15)

No. 552430

The Registrar of Companies of the British Virgin Islands HEREBY CERTIFIES pursuant to the International Business Companies Act, Cap. 291 that all the requirements of the Act in respect of Incorporation having been satisfied,

BRADFIELD OVERSEAS HOLDINGS LTD.

is incorporated in the British Virgin Islands as an International Business Company this 15th day of July, 2005.

Given under my hand and seal at Road Town, in the Territory of the British Virgin Islands

SGD.: BRENDA SMITH
ASST REGISTRAR OF COMPANIES

CERTIFIED A TRUE COPY BY THE REGISTRAR OF CORPORATE AFFAIRS:

DATE: 20th day of March, 2006.

CRIT001UB

A letter from a Designated Body in the following format:

| DESIGNATED BODIES DECLARATION | |
|---|---|
| WHERE THE SUBSCRIBER IS A CORPORATION | MUST BE ON HEADED PAPER OF THE DESIGNATED BODY |

To: JPMorgan Tranaut Fund Administration (Ireland) Limited
Tranaut House
Marina Village
Malahide
Co. Dublin
Ireland

Re Subscription into  [          ] *(name of fund)* for value date; [          ] *(effective subscription date)*

Dear Sirs

I/We declare

(i) that I am/we are licensed as _____

(description) by the _____ (regulatory body and

address) under the laws of _____ (country) and that our registered office

is located at _____

(ii) that we are subject to regulation in _____ (country) the purpose of which is to combat

and prevent money laundering

(iv) that we have identified the directors of the Subscriber as required by applicable law and we will

retain evidence of the verification process of my/our clients for at least 5 years after

_____ (subscriber name) have redeemed /their holding in the

Fund and

13