```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
REDEEMER COMMITTEE OF HIGHLAND          :
CREDIT STRATEGIES FUNDS,                :
                                        :      16 Civ. 2668 (JSR)
        Petitioner,                     :
                                        :      OPINION AND ORDER
        -v-                             :
                                        :
HIGHLAND CAPITAL MANAGEMENT, L.P.,      :
                                        :
        Respondent.                     :
----------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Currently before the Court are (i) the parties' joint motion, pursuant to Fed. R. Civ. P. 60(b)(5), to vacate the decisions now on appeal and to dismiss the complaint with prejudice, and (ii) the parties' joint motion for an "indicative ruling" stating that the parties' Rule 60(b) motion "raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3). For the reasons stated below, the Court hereby denies both motions.

On July 12, 2016, the Court issued a Memorandum Order confirming an arbitration award rendered by the American Arbitration Association in favor of petitioner Redeemer Committee of Highland Credit Strategies Funds ("the Committee"). See Memorandum Order dated July 12, 2016, ECF No. 46. On July 28, 2016, the Court entered final judgment. See Final Judgment, ECF No. 47. On August 2, 2016, upon the joint application of the parties, the Court amended the final judgment. See Amended Final

Judgment, ECF No. 48. Respondent Highland Capital Management ("Highland") promptly filed a notice of appeal challenging those three decisions. See ECF No. 50. That appeal has yet to be argued or briefed. Instead, for the past six months, the Committee and Highland, pursuant to Second Circuit Local Rule 42.1, have repeatedly withdrawn and reinstated the appeal in order to facilitate settlement discussions. Those discussions eventually bore fruit. On May 18, 2017, the parties advised the Court that they had resolved this case and had signed a confidential settlement agreement.

Having settled, the parties now wish to rewrite the history of this litigation. In particular, Highland and the Committee seek vacatur of this Court's previous three decisions (now on appeal) and dismissal with prejudice of the complaint. See Fed. R. Civ. P. 60(b)(5) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [if] the judgment has been satisfied, released or discharged . . . ."). This relief is, in principle, available directly from the Second Circuit, see ATSI Comm'cns, Inc. v. Shaar Fund, Ltd., 547 F.3d 109, 111-12 (2d Cir. 2008), but the parties have chosen instead to proceed in this Court. And because the case is on appeal, the parties have taken the preliminary step of seeking an "indicative ruling"

stating that their Rule 60 motion "raises a substantial issue." See Fed. R. Civ. P. 62.1(a)(3); see also LFoundry Rousset, SAS v. Atmel Corp., _ F. App'x _, No. 16-2566-cv, 2017 WL 2210895, at *2 (2d Cir. May 19, 2017) (summary order) ("A motion brought pursuant to Fed. R. Civ. P. 62.1 is procedural device that allows a district court to inform the parties and this court how it would rule on the merits of certain motions after an appeal has been filed and the district court has been divested of jurisdiction."). If the Court were to grant the indicative relief, the parties would then petition the Second Circuit to remand the case for the Court to consider the Rule 60(b) motion itself. See Fed. R. Civ. P. 62.1(b); Fed. R. App. P. 12.1(b) ("If the district court states that . . . the motion raises a substantial issue, the court of appeals may remand for further proceedings . . . ."). Only if the Second Circuit granted that relief could the Court vacate the rulings now on appeal.

However, although the parties must follow this convoluted procedure in order to obtain vacatur and dismissal in this Court, the Court is "free to 'entertain and deny the rule 60(b) motion'" without any such ceremony. Koch v. Pechota, 632 F. App'x 24, 25 (2d Cir. 2016) (summary order) (quoting Toliver v. Cty. of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992)). And here such a denial is more than well warranted.

The sole basis offered by the parties in support of vacatur and dismissal is that the parties have now settled this case. See Memorandum of Law in Support of the Parties' Joint Motion for Relief from the Court's Memorandum Order (Dkt. No. 46), Final Judgment (Dkt. No. 47) and Amended Final Judgment (Dkt. No. 48), ECF No. 60; Memorandum of Law in Support of the Parties' Joint Motion for Indicative Ruling Pursuant to Fed R. Civ. P. 62.1, ECF No. 62. However, it is well-established that a settlement does not automatically entitle parties to vacatur of all preceding legal decisions. To the contrary, absent "exceptional circumstances," parties are not entitled to vacatur where the dispute has been mooted because of settlement. ATSI Comm'cns, 547 F.3d at 111-12 (citing U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18 (1994)).

This rule derives both from the equitable nature of the vacatur remedy and from concerns regarding sound judicial administration. In particular, "when a case is settled, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." Microsoft Corp. v. Bristol Tech., Inc., 250 F.3d 152, 154 (2d Cir. 2001) (internal quotation marks omitted). Moreover, and importantly, "denying vacatur after settlement advances the public interest

4

in preserving judicial precedent and the proper course of appellate procedure." ATSI Comm'cns, 547 F.3d at 112 (internal quotations marks omitted).

Although these rationales are set forth in appellate decisions, they apply fully to district court decisions as well. Indeed, district courts are the first courts to address novel legal issues, and their written opinions are thus important to the development of the law – a vital function that vacating such opinions after the fact would tend to undercut. Thus, although ATSI Communications and similar decisions deal with vacatur motions addressed directly to the Court of Appeals, there is no reason in principle – and the parties do not identify any – why any other rule would apply to such motions addressed to a district court. Other courts in this district have, therefore, held litigants to an "exceptional circumstances" standard in situations similar to those present here. See, e.g., In re Facebook, Inc. IPO Sec. & Derivative Litig., No. 12-md-2389 (RWS), 2015 WL 7587357, at *2-3 (S.D.N.Y. Nov. 24, 2015).

No such circumstances here exist. Indeed, it is hard to escape the conclusion that the parties here have come to the district court with their instant motions precisely because they know they are unlikely to overcome the Second Circuit's substantial barriers to obtaining vacatur and dismissal directly

5

on appeal and so hope to obtain such relief through the backdoor Rule 62.1 "indicative ruling" route. But what matters is the remedy sought, not how the parties seek it. The Second Circuit has rejected the notion that the parties can avoid the U.S. Bancorp rule through creative lawyering, see ATSI Comm'cns, 547 F.3d at 113 ("The parties cannot change that result by sleight of the draftsman's hand – making the settlement contingent upon, rather than in contemplation of, vacatur."), and the "exceptional circumstances" standard therefore applies to the parties' joint motions.

Here, the parties fail to make any argument that theirs is the rare, exceptional case in which vacatur in light of settlement would be appropriate. Because the Rule 60(b) motion is patently without merit, it follows that it fails to "raise[] a substantial issue." Accordingly, the Court hereby denies the parties' Rule 60(b) and Rule 62.1 motions. See ATSI Comm'cns, 547 F.3d at 111-12.

The Clerk of Court is directed to close docket entries 60 and 62.

SO ORDERED.

Dated: New York, NY
May 28, 2017

JED S. RAKOFF, U.S.D.J.